**LACLEDE STEEL COMPANY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24383.**

United States Court of Appeals
Fifth Circuit.

Oct. 18, 1967.

Malcolm L. Monroe, Jerry A. Brown, New Orleans, La., Abe J. Garland, Milton H. Tucker, St. Louis, Mo., Monroe & Lemann, New Orleans, La., Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for appellant.

Norton L. Wisdom, Sp. Asst. U. S. Atty., New Orleans, La., Roger P. Marquis, Atty., Dept. of Justice, Edwin L. Weisl, Jr., Asst. Atty. Gen., Washington, D. C., Louis C. LaCour, U. S. Atty., New Orleans, La., for appellee.

Before JONES and GODBOLD, Circuit Judges, and SCOTT, District Judge.

PER CURIAM:

On a prior appeal a judgment awarding compensation in condemnation to a number of claimants, including Laclede Steel Company, was reversed. United States v. Michoud Industrial Facilities et al., 5 Cir., 322 F.2d 698. After a remand to the district court all but two of the claimants made settlements with the United States. One of these accepted an award of the district court. The other, Laclede Steel Company, has appealed from the judgment awarding compensation to it. The question presented is primarily one of fact. It is the conclusion of this Court that the findings of fact and conclusions of law were proper on the evidence disclosed by the record and under the prior decision of this Court. The judgment of the district court is free from error and is

Affirmed.

**UNITED STATES of America**

v.

**Marvin Vondon HART, Jr., Appellant.**

**No. 16286.**

United States Court of Appeals
Third Circuit.

Argued Sept. 11, 1967.

Decided Oct. 26, 1967.

Mercer D. Tate, Ringe & Tate, Philadelphia, Pa., for appellant.

Sebastian E. Pagliese, Asst. U. S. Atty., Pittsburgh, Pa. (Gustave Diamond, U. S. Atty., George E. Schumacher, Asst. U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER, FREEDMAN and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

The defendant was found guilty on an indictment charging him with failure to report to his Draft Board for instructions to proceed to his assigned place of employment for civilian work following his classification as a conscientious objector.

On this appeal the defendant challenges the Draft Board's denial to grant him a ministerial classification and the validity of the Draft Board's order to report for civilian work.

On review of the record we find no error in the Draft Board's denial of a ministerial classification. Further, we do not subscribe to the defendant's contention that the Board was without power to direct him to report to it for assignment to civilian work.

The judgment of sentence will be affirmed.

We note our appreciation of the indefatigable and able representation of the defendant by Mercer D. Tate, court-appointed counsel.